IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>KEVIN JAMES CROCKETT,<br>Defendant. | ORDER<br><br><br><br>Case No. 2:01-CR-38 |

Presently before the Court are two motions. The defendant, Kevin Crockett, has requested the Court to order the Bureau of Prisons institution in which he is incarcerated to comply with a previous order of this Court. Mr. Crockett interprets that order as requiring the BOP to allow him to receive certain nutritional supplements while incarcerated. Due to Mr. Crockett's interpretation, the Government has moved the Court to set aside that previous order.

In June 2008, Mr. Crockett filed a Motion for Medical Treatment. He asked the Court to "grant an order allowing [him] to receive medicine directly from the manufactur [sic] to treat his prostate cancer." Def.'s Mot. for Medical Treatment 1. That Court granted Mr. Crockett's motion on July 2, 2008. By that order, the Court provided that the manufacturer of certain nutritional supplements could mail supplements directly to Mr. Crockett while he was incarcerated at FCI - Fort Worth. Mr. Crockett's current motion asks the Court to go one step further. He asks the Court to order the BOP institution in which he is incarcerated to comply with the Court's previous order, "to know the procedure to have the supplements sent in, [and to]

receive them and distribute them to [him]." Def.'s Mot. to Compel Medications 1.

The Government responded to Mr. Crockett's present motion with a motion of its own. The Government states that it initially did not oppose Mr. Crockett's Motion for Medical Treatment because it interpreted Mr. Crockett's request as "seeking the opportunity to provide nutritional supplements to BOP for its consideration to give to defendant Crockett." Govt.'s Mot. to Set Aside Order 1. Based on Mr. Crockett's interpretation of the Court's Order, the Government argues that the Order should be set aside for lack of jurisdiction. According to the Government, Mr. Crockett's motion, as interpreted by him, sought to modify the execution of his sentence. Therefore, jurisdiction must be based on federal habeas corpus which requires that the action be filed within the district in which the prisoner is confined–in this case, the Northern District of Texas. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

The Court denies both of the motions before the Court. The Court's July 2, 2008, Order did not require any action by the BOP. The BOP is solely responsible for the management and regulation of Federal correctional institutions. *See* 18 U.S.C. 4042(a)(1). The Court has no authority to direct the BOP to manage its institutions in any particular way. Additionally, because the Court's previous Order does not require anything of the BOP, there is no reason for the Court to set aside its previous Order.

Dated this 24th day of August, 2009.

_____
Dee Benson
United States District Judge